No. 26,504.

A. Laster, *Appellee,* v. C. B. Cox, *Appellant.*

SYLLABUS BY THE COURT.

1. Fraud—*Pleading—Sufficiency.* The fourth cause of action of the petition alleged facts sufficient to constitute a cause of action for damages caused by false representations.

2. Same—*Evidence—Sufficiency.* There was evidence sufficient to prove enough of the allegations set out in the fourth cause of action of the petition to justify the jury in returning a verdict in favor of the plaintiff.

3. Limitations of Actions—*Fraud—Evidence as to Time of Discovery.* There was evidence which tended to prove that the fraud alleged was not discovered until within two years before the action was commenced.

Appeal from Leavenworth district court; James H. Wendorff, judge. Opinion filed March 6, 1926. Affirmed.

C. A. Smart, of Lawrence, for the appellant.

John J. Riling and Edward T. Riling, both of Lawrence, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff sued on four causes of action. A demurrer to the evidence was sustained as to the first three. The fourth cause of action was to recover $375 which, it was alleged, had been obtained from the plaintiff by the defendant through fraudulent misrepresentations. Judgment for that amount was rendered on a verdict in favor of the plaintiff, and the defendant appeals.

The plaintiff at the conclusion of his evidence, while the demurrer thereto was being considered by the court, asked and obtained leave to amend the fourth cause of action by alleging that

---

Fraud, 27 C. J. pp. 30 n. 77, 68 n. 25; 17 R. C. L. 1005. Limitation of Actions, 37 C. J. p. 1251 n. 91.

the fraud had been discovered by him within two years next preceding the filing of the petition.

1. The defendant argues "the facts stated in the petition touching the fourth cause of action are insufficient in law to constitute a cause of action in favor of the appellee and against the appellant." This compels an examination of the petition. It alleged that the defendant had instituted a suit in Jackson county, Missouri, against the Mid-Continent Milling Company to recover money due the defendant for wood which the plaintiff had cut which had been delivered by the defendant to that company. The petition further alleged that the "defendant falsely and fraudulently represented to the plaintiff:

"1. That it was necessary for the recovery of said money that said plaintiff and said defendant should bring an action against said Mid-Continent Milling Company.

"2. That said Mid-Continent Milling Company was holding back money that belonged to said plaintiff without cause.

"3. That said Mid-Continent Milling Company had repudiated its contract with the defendant and had refused to pay the balance that was due on said wood.

"4. That they should employ an attorney to institute a suit against said Mid-Continent Milling Company for the recovery of said money and that plaintiff should pay to said defendant one-half of said attorney's fees in the sum of three hundred and seventy-five dollars, and that as soon as said plaintiff had paid the same to him said suit would be instituted against said Mid-Continent Milling Company in the circuit court of Jackson county, Missouri, and defendant would pay the other one-half of said attorney's fees."

The petition also alleged—

"That plaintiff, relying and believing in said false and fraudulent representations and statements made by the said C. B. Cox to said plaintiff, and being deceived thereby, said plaintiff paid to said C. B. Cox as attorney's fees said sum of three hundred and seventy-five ·dollars."

The petition further alleged that the representations were made by the defendant who knew them to be false, fraudulent, and untrue. The argument that the fourth cause of action set out in the petition did not state facts sufficient to constitute a cause of action cannot be sustained.

2. Another matter urged is that "there is a total failure of proof of the allegations set out in said fourth cause of action." The defendant argues that the representations made concerned matters of opinion, concerned facts of which the plaintiff had full knowledge, or concerned matters in which the plaintiff was not interested.

There was submitted to the jury evidence which tended to prove the allegations of the petition as outlined in the first part of this opinion. There was other evidence which tended to prove that W. C. Welborn had entered into a contract with the Mid-Continent Milling Company to cut and deliver to that company a large quantity of cottonwood timber; that the plaintiff and the defendant entered into a contract with Welborn by which Cox was to do certain things in connection with cutting and furnishing the timber and by which Laster was to haul the timber from the place where it was to be cut to the place of shipment and receive certain pay therefor; that Welborn failed to carry out his part of the contract and abandoned it; that arrangements were then made between the plaintiff and the defendant by which the plaintiff was to perform additional services in the completion of the contract and receive additional compensation; that the plaintiff performed the services which he contracted to render and that Cox did not pay him for those services. The evidence also tended to show that the plaintiff gave checks to workmen who assisted him in getting out the timber; that the defendant was to place in the bank the money with which to pay those checks; that the money was not furnished; that the checks were not paid; that, in order to obtain money with which to pay those workmen, the plaintiff in some way disposed of or gave a lien on his team for the $375; that afterward the defendant stated to the plaintiff, "I will give you three hundred and seventy-five dollars for this team and credit you on attorney's fees"; and that still later the defendant said to the plaintiff, "You never paid no attorney's fees at all. I credited you on that for what I overpaid you on the balance." There was evidence which tended to prove the following net result: That the plaintiff performed labor and rendered service for the defendant for which the plaintiff was not paid; and that, in addition thereto, the defendant fraudulently got the team of the plaintiff and refused to compensate him for it. The defendant should pay to the plaintiff the value of what the former obtained from the latter by the false representations that were made.

3. The defendant contends that "there is a total failure of proof that appellee discovered anything within two years next prior to the filing of the petition that he had not known for more than two years, hence the supposed cause of action was barred by the statute of limitations, and that what he did discover was immaterial." The representations were made in 1920. This action was commenced in

1923. The petition, after it was amended, alleged the discovery of the fraud within two years preceding the commencement of the action. The evidence to support that allegation was that the plaintiff did not discover that he was not a party to any action in the district court of Jackson county, Missouri, until a very short time before this action was commenced, much less than two years.

The judgment is affirmed.